UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:  Chapter 13

Gerry L. Howard,  Case Number 17-40318

    Debtor.  Hon. Mark A. Randon

_____/

**OPINION AND ORDER GRANTING DEBTOR'S
POST-CONFIRMATION PLAN MODIFICATION**

**I.    INTRODUCTION**

On May 23, 2017, the Court entered a stipulated order resolving U.S. Bank National Association's objections to confirmation of Debtor's chapter 13 reorganization plan. The agreement called for U.S. Bank to reduce its secured claim on Debtor's Detroit property to $25,000.00 payable over 60 months at 5.5% interest; the remainder of the claim was to be treated as unsecured. Upon successful completion of the plan, U.S. Bank also agreed to extinguish the mortgage. With this resolution, Debtor's plan was confirmed on May 27, 2017. He now seeks to extend his plan–including the payments to U.S. Bank–under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").

U.S. Bank alleges Debtor should abide by the stipulation and pay the balance over the 13 months remaining on the plan. U.S. Bank provides two reasons for its argument: (1) it is not Debtor's principal residence; and (2) the value of the property would have been higher had it known Debtor would have an additional 12 months to make payments and receive rental income. Debtor says absent the extension, he does not have the income to complete the plan.

Because Debtor qualifies for modification under section 1329(d), his motion is **GRANTED**.

## II. APPLICABLE LAW AND ANALYSIS

The CARES Act added a temporary amendment to the provision of the bankruptcy code regarding modifying a Chapter 13 plan after confirmation:

(1) Subject to paragraph (3), for a plan confirmed prior to the date of enactment of this subsection [March 27, 2020], the plan may be modified upon the request of the debtor if–

  (A) the debtor is experiencing or has experienced a material financial hardship due, directly or indirectly, to the coronavirus disease 2019 (COVID-19) pandemic; and

  (B) the modification is approved after notice and a hearing.

(2) A plan modified under paragraph (1) may not provide for payments over a period that expires more than 7 years after the time that the first payment under the original confirmed plan was due.

(3) Sections 1322(a), 1322(b), 1323(c), and the requirements of section 1325(a) shall apply to any modification under paragraph (1).

11 U.S.C. §1329(d). Debtor's plan was confirmed before March 27, 2020, he is experiencing a material financial hardship due to the COVID-19 pandemic as articulated at the hearing on April 21, 2021, and Debtor provided all interested parties notice of his proposed modification. In addition, Debtor is only asking that his payments be extended to six years. Section 1322(b)(2) specifically allows Debtor to "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence[.]" Finally, although U.S. Bank will be paid over a longer time frame than what was originally agreed, it will still receive the value of its secured claim plus interest. *See* 11 U.S.C. § 1323(c).

"Congress is very capable of limiting and conditioning the relief it fashions." *In re Gilbert*, 622 B.R. 859, 864 (Bankr. E.D. La. 2020). It did not limit the modification to property that is Debtor's principal residence, and Debtor otherwise satisfies the requirements of section 1329(d).

### III. CONCLUSION

Because Debtor qualifies for modification under section 1329(d), his motion is **GRANTED**. Debtor's Chapter 13 plan is extended to 72 months as to all creditors and now expires on May 27, 2023.

**IT IS ORDERED**.
**Signed on May 3, 2021**

/s/ Mark A. Randon

Mark A. Randon
**United States Bankruptcy Judge**